UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFICPRO LOGISTICS LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>RTI TRANS INC.,<br><br>　　　　Defendant. | Case No.　1:25-cv-01337-EPG<br><br>ORDER TO ASSIGN A DISTRICT JUDGE<br><br>ORDER SETTING DEADLINE RE: DEFAULT JUDGMENT<br><br>(ECF Nos. 6, 7) |

　　　　Plaintiff Pacific Pro Logistics LLC filed this action on October 6, 2025, and has since sought and obtained a clerk's entry of default under Federal Rule of Civil Procedure 55(a) against Defendant RTI Trans Inc. (ECF Nos. 6, 7). Given the Clerk's entry of default, the Court will set a deadline for Plaintiff to move for default judgment under Rule 55(b)(2).[1] Additionally, the Court advises Plaintiff of the following basic requirements for a motion for default judgment.[2]

　　　　The motion must establish proper service on Defendant and the Court's jurisdiction. *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties."); *see S.E.C. v. Internet Sols. for Bus. Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is void

---

[1] Alternatively, if Plaintiff believes a default judgment by the Clerk is appropriate under Rule 55(b)(1), Plaintiff may file such a request.

[2] This order does not purport to advise Plaintiff of all applicable requirements.

1

because of lack of personal jurisdiction due to insufficient service of process."). Plaintiff must identify which service provisions govern and specify how all were satisfied.

The motion must address the relevant factors regarding default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (noting seven factors that courts may consider before exercising discretion to enter default judgment). Here, the complaint identifies two counts: (1) Carmack Amendment liability, and (2) breach of contract. (ECF No. 1, pp. 3-4). Plaintiff must independently address each count for which recovery is sought.

Additionally, the Court notes that courts have concluded that Carmack Amendment claims preempt breach of contract claims. *See*, *e.g.*, *Ready Transportation, Inc. v. CRST Malone, Inc.*, No. EDCV 07-0905-JTL, 2009 WL 10669257, at *7 (C.D. Cal. Jan. 13, 2009) (concluding that "the Carmack Amendment preempts plaintiff's claims for breach of contract and indemnity"). Accordingly, if Plaintiff seeks relief on both counts, it must address whether it may do so in light of such authority.

Further, the motion must support any request for attorney fees, costs, and prejudgment interest. *See In re Ferrell*, 539 F.3d 1186, 1192 (9th Cir. 2008) (noting party seeking attorney fees and costs must specify basis for such award); *Schneider v. Cnty. of San Diego*, 285 F.3d 784, 789 (9th Cir. 2002) ("Whether prejudgment interest is permitted in a particular case is a matter of statutory interpretation, federal common law, and, in some instances, state law."); Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Here, Plaintiff must identify the recovery sought under the complaint, specify the authority that supports it, and explain how any monetary amount sought is justified.

Accordingly, IT IS ORDERED as follows:

1. The Clerk of Court is directed to assign a District Judge to this case.
2. Plaintiff has 30 days from the entry of this order to move for default judgment against Defendant.

\\\
\\\
\\\
\\\

2

3. The initial scheduling conference set for January 8, 2026, at 10:00 a.m. is VACATED, along with related deadlines. (ECF No. 4).

IT IS SO ORDERED.

Dated:   **December 22, 2025**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

3